IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL L. LEWIS, Inmate #B-52564, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 06-639-JLF |
| | ) |
| ROGER E. WALKER, JR., *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**FOREMAN, District Judge:**

In a separate order, the Court has granted Plaintiff's motion for leave to proceed *in forma pauperis* in this action. Two other motions were filed at the inception of this case which are now before the Court.

**APPOINTMENT OF COUNSEL (DOC. 3)**

There is no absolute right to appointment of counsel in a civil case. *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *Peterson v. Nadler*, 452 F.2d 754 (8th Cir. 1971). However, under appropriate conditions "representation of indigents under court order, without a fee, is a condition under which lawyers are licensed to practice as officers of the court. . . ." *United States v. Dillon*, 346 F.2d 633, 635 (9th Cir. 1965), *cert. denied*, 382 U.S. 978 (1966). Membership in the bar is a privilege burdened with conditions. *People ex rel. Karlin v. Culkin*, 162 N.E. 487, 489 (1928) (Justice Cardozo). Or, as set forth by Justice Sutherland, "[a]ttorneys are officers of the court, and are bound to render service when required by such an appointment." *Powell v. Alabama*, 287 U.S. 45, 73 (1932). Finally, a court's power to require a lawyer to represent indigents is inherent under its authority to define the terms and conditions under which members are admitted to the bar.

*Frazier v. Heebe*, 482 U.S. 641 (1987); *United States v. Hvass*, 355 U.S. 570 (1958).

Under *Special Order No. 13, Order Amending Local Rule 1(f)*, as promulgated by the United States District Court for the Southern District of Illinois, every member of the bar of this Court shall be available for appointment to represent an indigent. In *Heidelberg v. Hammer*, 577 F.2d 429 (7th Cir. 1978), the Court recognized that the question of whether to request an attorney to represent a plaintiff rests in the sound discretion of the district court "unless denial would result in fundamental unfairness impinging on due process rights." *Id.* at 431. The Court may only request counsel to represent an indigent if the likelihood of success is more than just doubtful. *Miller v. Pleasure*, 296 F.2d 283, 284 (2d Cir. 1961), *cert. denied*, 370 U.S. 964 (1962).

There are five factors which a district court should consider in ruling on a request to appoint counsel. Those factors are (1) whether the merits of the claim are colorable; (2) the ability of the indigent to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) capability of the indigent to present the case; and (5) the complexity of the legal issues raised by the Complaint. *See Merritt v. Faulkner*, 697 F.2d 761 (7th Cir. 1983), *cert. denied*, 464 U.S. 986 (1983); *McKeever v. Israel*, 689 F.2d 1315 (7th Cir. 1982); *Maclin v. Freake*, 650 F.2d 885 (7th Cir. 1981); *Wilson v. Duckworth*, 716 F.2d 415 (7th Cir. 1983).

After examining the voluminous documents submitted to this Court by Plaintiff, it appears that Plaintiff is more than capable of presenting his case and handling the issues involved. Therefore, applying these standards to the instant case, the Court finds that appointment of counsel is not warranted at this time. Accordingly, Plaintiff's motion for appointment of counsel is **DENIED**.

**PRELIMINARY INJUNCTION (DOC. 4)**

In this motion, filed pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, Plaintiff seeks "an order compelling defendants to perform their preexisting duties. . . ."  He would also like that order to direct his immediate to the Pontiac or Stateville Correctional Center, to have certain corrections made to his master file, to have his security level reclassified as "moderate", and to "prevent all future substantial risks of harm by staff."

In considering whether to grant injunctive relief, a district court is obligated to weigh the relative strengths and weaknesses of a plaintiff's claims in light of a five-part test that has long been part of the Seventh Circuit's jurisprudence.  Specifically, a plaintiff must establish: (1) that there is a reasonable or substantial likelihood that he would succeed on the merits; (2) that there is no adequate remedy at law; (3) that absent an injunction, he will suffer irreparable harm; (4) that the irreparable harm suffered by plaintiff in the absence of the injunctive relief will outweigh the irreparable harm that defendants will endure were the injunction granted; and (5) that the public interest would be served by an injunction.  *Teamsters Local Unions Nos. 75 and 200 v. Barry Trucking*, 176 F.3d 1004, 1011 (7th Cir. 1999).

Applying these standards to the instant case, the Court finds that issuance of a preliminary injunction is not warranted at this time.  Accordingly, this motion for injunctive relief is **DENIED**.

**IT IS SO ORDERED.**
**DATED:  September 5, 2006.**

　　　　　　　　　　　　　　　　　　　　　　　　　*s/ James L. Foreman*
　　　　　　　　　　　　　　　　　　　　　　　　　**DISTRICT JUDGE**